UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

POWERSCREEN USA, LLC, et al.                                         PLAINTIFFS

v.                                          CIVIL ACTION NO. 3:07CV-433-S

D & L EQUIPMENT, INC.                                                DEFENDANT


POWERSCREEN USA, LLC, et al.                                         PLAINTIFFS

v.                                          CIVIL ACTION NO. 3:07CV-699-S

S & L EQUIPMENT, INC.                                                DEFENDANT


**MEMORANDUM OPINION**

These related matters are before the court on motions of the plaintiffs, Powerscreen USA, LLC, *et al.*, for partial summary judgment (DNs 151 (No. 3:07CV-433-S); 104 (No. 3:07CV-699-S)) on the counterclaims of the defendants, D & L Equipment, Inc. and S & L Equipment, Inc., for breach of warranty.

In September of 2009, this court entered a Memorandum Opinion and Order in each of these two actions resolving all but a portion of one counterclaim. Powerscreen has now moved for summary judgment on what remains of the defendants' warranty counterclaims.

The court need not revisit the underlying facts in these cases for purposes of disposition of these motions. In our earlier orders, the court granted summary judgement in favor of the plaintiffs on their claims for unpaid invoices as follows:

> 1. The sum of $536,937.59 owed to Powerscreen USA, LLC by D & L Equipment, Inc. for the outstanding principal balance on unpaid invoices for parts.
>
> 2. The sum of $737,795.49 owed to Terex Corporation by D & L Equipment, Inc. for the outstanding principal balance on unpaid invoices for parts and equipment.
>
> 3. The sum of $191,382.89 owed to Powerscreen USA, LLC by S & L Equipment, Inc. for the outstanding principal balance on unpaid invoices for parts.

> 4. The sum of $451,243.83 owed to Terex Corporation by S & L Equipment, Inc., for the outstanding principal balance on unpaid invoices for parts.

The court also granted summary judgment in favor of Powerscreen USA, LLC for the unpaid principal balance of $50,000.00 owed to it on a June 23, 2004 promissory note executed by D & L Equipment, Inc. together with pre- and post-judgment interest thereon.

The defendants filed counterclaims asserting entitlement to an offset for warranty claims submitted to the plaintiffs. Ultimately, the court granted summary judgment in favor of the plaintiffs on warranty claims made in 1999 and 2000, finding that these claims were time-barred. The court denied summary judgment with respect to timely warranty claims on ten particular machines, as it was unclear from the documentation before the court whether these warranty claims had been resolved and/or paid.

The plaintiffs have again moved for summary judgment on the remaining warranty claims, submitting the affidavit of Tina Coleman, credit manager for Powerscreen USA, LLC, who verifies, through a summary of warranty claims, that credit was given on specified invoices for the ten warranty claims. She states that the ten claims relate to the Phoenix line of equipment, and therefore the offsets for the warranty claims relate to Powerscreen invoices only. Although Coleman states in her affidavit that full credit was given for these ten claims, Powerscreen has agreed to concede the claim for offset in the amount of $27,172.29 for the ten warranty claims and accept a reduction in the judgment against D & L to $509,765.30. The defendants do not dispute these calculations.

In looking at the total of the warranty claims, it appears that Powerscreen has not credited two of the claims in full. Warranty claim #335 was approved for a reimbursement of $4,754.47, a reduction of $922.36 from the claimed amount. It would appear that Warranty claim #634 may have been disallowed in Powerscreen's calculation of the offset. No approved amount for that claim is

listed. The setoff amount agreed to in Powerscreen's brief is approximately $2,320.00[1] less than the total unadjusted claims. As Powerscreen has indicated its intent to concede the ten claims for offset, and it has not urged that the amounts claimed on these ten machines should be reduced, the court will grant judgment to D & L[2] for the full amount of the ten warranty claims totaling $30,402.59. Therefore, the reduced amount of the judgment in favor of Powerscreen for the outstanding principal balance on unpaid invoices will be reduced to $506,535.00.

In response to the summary judgment motion, the defendants now state that there are 2006 and 2007 warranty claims that were not paid. These claims are raised here for the first time. Discovery has long been closed. The parties have engaged in extensive briefing and summary judgment rulings have been made.

In support of this contention, the defendants submit an affidavit of Michael David Conlon, principal of D & L Equipment, Inc. and S & L Equipment, Inc., in which he lists various warranty claim numbers and "Amount[s] Still Owed D & L/S & L." He offers no underlying documentation supporting these entries. He offers nothing to establish that these claims were submitted or to what company. Conlon has not indicated which defendant would be entitled to offset which amounts. We therefore repeat what was stated in our earlier summary judgment opinion:

> We note generally, at the outset, however, that the underlying facts are not altogether clear with respect to some of the motions. This is due, in part, to an apparent lack of business rigor in managing the affairs of the two distributorships. The parties agree that some S & L business was "run through" D & L. Additionally there is a marked lack of paperwork to support much of what the distributors claim. To the extent that various claims of the distributors stand wholly unsupported, summary judgment will be granted in favor of Powerscreen on these matters.

Mem. Op. p. 2.

---

[1]Using Powerscreen's figures, its total setoff of $27,402.59 + $922.36 (the amount by which claim #335 was reduced) + $2,320.08 (claim #634) = $30,414.73. There is a discrepancy of $12.14. The court has determined, however, to utilize the total amount claimed for the ten warranty claims, calculated by adding the amounts listed in the summary document.

[2]All ten of the warranty claims in issue were made by D & L.

- 3 -

There has been no documentary foundation offered for any of the defendants' previously unmentioned entries. This newly recited "evidence" is insufficient to create a genuine issue of material fact with respect to the defendants' counterclaims for breaches of warranty.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**